UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**RYAN DAVID NEWTON**                                                                                     **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:24-CV-P386-JHM**

**SGT. BOBBIE D. CHANEY et al.**                                                                     **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Ryan David Newton is incarcerated at Louisville Metro Department of Corrections (LMDC) and sues three LMDC officials – Sgt. Bobbie D. Chaney, Ofc. Alex W. Thomas, and Ofc. Derron Scales. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On Friday, 4 February 2022 . . . I became the victim of an attempted murder and later a patient kidnapping by several officers of [LMDC]. The three named Defendants perpetrated the unjustified use of excessive force upon me while I was a prisoner housed in the jail. . . . An unknown officer opened the motorized cell door, then [Defendant] Chaney and his subordinate, [Defendant] Thomas simultaneously pepper sprayed me in both of my eyes and then all three named Defendants immediately entered my cell and began to punch me with closed fists from my head to toes whilst throwing me against the concrete block and tackling me onto my cell bed. . . . Later in the afternoon, I was in the middle of being treated for my injuries at [the hospital] . . . when several LMDC S.O.R.T. officers placed a white mask over my head and carried me out of the hospital and placed me on my belly long ways across the rear seat of a marked LMDC sedan and returned to the jail without proper discharge from the hospital . . . . I attest that two named Defendants who pepper sprayed me filed falsified incident reports in an attempt to cover up their professional misconduct and criminal acts. . . .

(DN 1).

As relief, Plaintiff seeks damages and injunctive relief in the form of criminal prosecution of Defendants.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Excessive-Force Claims**

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "The 'standard' accrual 'rule' for federal claims starts the limitations period 'when the plaintiff has a complete and present cause of action' that can be raised in court." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019)).

Plaintiff alleges that Defendants used excessive force against him on February 4, 2022. Plaintiff had a complete and present cause of action for his excessive-force claims on that date. *See Wheeler v. Dayton Police Dep't*, No. 12-4029, 2013 U.S. App. LEXIS 26373, at *4 (6th Cir. Mar. 15, 2013) (holding that an excessive-force claim accrues on the date the alleged excessive force occurred) (citing *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)). The limitations period expired one year later on February 4, 2023. Plaintiff did not file the complaint until June 2024, more than sixteen months after the expiration of the statute of limitations. Therefore, the Court finds that it is obvious on the face of the complaint that Plaintiff's excessive-force claims are untimely and must therefore be dismissed as frivolous.

**B. Falsified Incident Reports**

As to Plaintiff's claims that two Defendants allegedly falsified incident reports about the events that occurred on February 4, 2022, "a prisoner [does not] have a constitutional right to be free from erroneous allegations of misconduct." *Roundtree v. Dunlap*, No. 3:18CV1198, 2019 U.S. Dist. LEXIS 120772, at *11 (N.D. Ohio July 19, 2019); *see also Person v. Campbell*, No. 98-5638, 1999 U.S. App. LEXIS 14091, at *3-4 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable

under § 1983"); *Jones v. McKinney*, No. 97-6424, 1998 U.S. App. LEXIS 32665, at *3 (6th Cir. Dec. 23, 1998) ("McKinney did not violate Jones's constitutional rights, even if the disciplinary report was false, because a prisoner has no constitutionally protected immunity from being wrongly accused."); *Reeves v. Mohr*, No. 4:11cv2062, 2012 U.S. Dist. LEXIS 11374, at *4 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (finding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). Thus, Plaintiff's claims based upon falsified incident reports fail to state a claim upon which relief may be granted.

### C. Injunctive Relief

Finally, Plaintiff asks the Court to initiate criminal charges against Defendants for attempted murder and kidnapping. However, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Serv.*, No. 5:08CV-189-R, 2010 U.S. Dist. LEXIS 4732, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Moreover, a "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, even if this action were proceeding, Plaintiff's request for injunctive relief would nonetheless be denied.

### IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: August 14, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011